UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

LA'MAR BRYAN SMALLS,

    Plaintiff,

v.                                          Case No. 22-C-1530

KYLE TRITT, ROBERT RYMARKEWICZ,
CO HYSTER, CO ECHIE,
JENNY VALENCOURT, ROB WEINMAN,
ANDREA BLEEKER, and ANN YORK,

    Defendants.

─────────────────────────────────────────────

## SCREENING ORDER

─────────────────────────────────────────────

Plaintiff La'Mar Bryan Smalls, who is currently serving a state prison sentence at the Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Smalls paid the $402 civil case filing fee on January 5, 2023. The Court will screen the complaint as required by 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement

of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

According to Smalls, on July 4, 2022, he was sprayed with OC spray while in the restricted housing unit to disrupt his suicide attempt. He explains that he was moved to a shower stall at about 6:30 p.m. A little after midnight on July 5, 2022, an officer (who is not a Defendant) allegedly found Smalls hanging from the shower door by his shirt. According to Smalls, the officer sprayed him twice in the face with OC spray while telling him to unhang himself. Smalls states that Officers Hyster, Echie, and Captain Tritt arrived at the shower area and ordered him to cuff up behind his back. Smalls asserts that he complied with their orders. Dkt. No. 1 at 2-3.

2

According to Smalls, Hyster and Echie escorted him out of the shower area with Tritt following closely behind. As they began to descend the stairs, Smalls told them he could not see or breathe. He states that he tried to sit down, at which time the officers dragged him down the stairs to the main floor. Smalls asserts that he continued to tell officers that he was not resisting but he could not see and was having trouble breathing. Smalls explains that he tried to kneel down, at which point Tritt grabbed his head and yanked it backwards, causing Smalls great pain and making it even harder for him to breathe. Smalls states that they continued to the strip cells, where Tritt slammed his head into the door and stepped on his leg shackles. According to Smalls, he was pinned to the door and ordered to kneel so Officer Jenny Valencourt could apply the door tether. Smalls states that he told officers he could not kneel because Tritt was standing on his leg shackles, but the officers continued to order him to kneel. Smalls asserts that when he tried to move his foot to kneel, Tritt again snapped his head back, causing his neck to painfully pop and making it difficult for him to breathe. Valencourt then applied the tether. Dkt. No. 1 at 3-4.

Smalls asserts that Nurse Ann York was in the restricted housing unit, but she did not examine Smalls because Tritt ordered her to wait until after he was strip searched. Smalls said that he continued to tell officers he was in pain and could not see or breathe, but officers refused to let him see the nurse. Dkt. No. 1 at 5.

According to Smalls, he was seen by Nurse Andrea Bleeker on July 18, 2022, for his complaints of neck pain. He asserts that she only took his vitals but "never properly evaluated" him or his neck. Smalls asserts that, the following day, he wrote to Health Services Manager Robert Weinman. Smalls explains that he had to wait to see a nurse practitioner who prescribed acetaminophen for his pain but nothing else. Dkt. No. 1 at 5.

3

## THE COURT'S ANALYSIS

"[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The "core judicial inquiry" when considering the amount of force used is "whether [the] force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id*. at 6 (citing *Whitley*, 475 U.S. at 320–21). Smalls may proceed on an excessive force claim against Hyster, Echie, and Tritt based on allegations that they used unnecessary force against him while they moved him from the shower to the strip cells despite his compliance and despite him repeatedly telling them he could not see or breathe. Smalls does not, however, state a claim against Valencourt, who encountered Smalls after he was moved to the strip cell and who applied the tether. Smalls does not allege that Valencourt used any force in applying the tether, and given how quickly the events unfolded after her arrival, the Court cannot reasonably infer that she had a reasonable opportunity to stop Hyster, Echie, and Tritt's use of force. *See Wilborn v. Ealey*, 881 F.3d 998, 1007 (7th Cir. 2018).

Smalls may also proceed on a deliberate indifference claim against Tritt based on allegations that he refused to let Smalls see the nurse despite his complaints of neck pain and his complaints that he was having trouble seeing and breathing. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) (explaining that prison guards who intentionally deny or delay access to medical care for serious medical needs violate the Eighth Amendment). Smalls does not, however, state a claim against Nurse York. Although Smalls alleges that she was in the restricted housing unit, nothing in the complaint suggests that she knew Smalls was complaining about not being able to see or

4

breathe. York cannot have been deliberately indifferent to a serious medical condition that she did not know about. *See, e.g., Whaley v. Erickson*, 339 F. App'x 619, 622 (7th Cir. 2009).

Smalls also states a deliberate indifference claim against Nurse Bleeker who allegedly only took Smalls' vitals in response to his complaints of neck pain. Construed broadly, Smalls' allegations that he was provided nothing in response to his complaints of significant neck pain are sufficient to state a claim. *See Pyles v. Fahim*, 771 F.3d 403, 412 (7th Cir. 2014). Smalls does not, however, state a deliberate indifference claim against Health Services Manager Weinman. According to Smalls, after he wrote to Weinman to complain about the lack of response to his neck pain, he was scheduled to see an advanced care provider who provided him with pain medication. Smalls receiving additional attention following his letter to Weinman does not support an inference that Weinman was deliberately indifferent to Smalls' condition. Nor does Smalls state a claim against the advanced care provider. Smalls suggests that she should have done more than just prescribe pain medication, but nothing in Smalls' complaint suggests that specialized care so soon after the incident was necessary. While Smalls may disagree with the provider's assessment and treatment plan, his disagreement, without more, is insufficient to state an Eighth Amendment claim. *See id.*

Finally, Smalls fails to state a claim against Robert Rymarkewicz, who allegedly investigated Smalls' complaints of excessive force. "Only persons who cause or participate in the violation are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). An officer who investigates "a completed act of misconduct" does not violate the Constitution. *Id.*

**IT IS THEREFORE ORDERED** that Robert Rymarkewicz, Jenny Valencourt, Rob Weinman, and Ann York are **DISMISSED** from this action because the complaint fails to state a claim against them upon which relief can be granted.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Smalls' complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Kyle Tritt, CO Hyster, CO Echie, and Andrea Bleeker.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Kyle Tritt, CO Hyster, CO Echie, and Andrea Bleeker shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Honorable William C. Griesbach
>c/o Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>125 S. Jefferson Street, Suite 102
>Green Bay, WI 54301

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

6

Case 1:22-cv-01530-WCG   Filed 01/17/23   Page 6 of 7   Document 4

Smalls is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Smalls may find useful in prosecuting this case.

Dated at Green Bay, Wisconsin this 17th day of January, 2023.

s/ William C. Griesbach<br>
William C. Griesbach<br>
United States District Judge