UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LA'MAR BRYAN SMALLS,

        Plaintiff,

        v.                                                    Case No. 22-C-1530

KYLE TRITT, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff La'Mar Bryan Smalls is representing himself in this 42 U.S.C. §1983 action. Discovery recently opened and is set to close on August 21, 2023. On May 1, 2023, Smalls filed a motion asking the Court to order his institution to provide him with access to the law library. He explains that the institution has been on modified lockdown since March 27, 2023, so he has not been able to go to the library. The Court will deny the motion.

"Prisoners have a constitutional right to 'meaningful' access to the courts," which means they "must receive 'that quantum of access to prison libraries—not total or unlimited access—which will enable them to research the law and determine what facts may be necessary to state a cause of action.'" *Brooks v. Buscher*, 62 F.3d 176, 179 (7th Cir. 1995) (citations omitted). With that in mind, the Seventh Circuit has acknowledged that "[s]ecurity reasons, however, may justify strict time, place, and manner restrictions. . . . Accordingly, inconvenient or highly restrictive regulations may be entirely appropriate and not violate a prisoner's constitutional right of access, as long as the restrictions do not actually completely deny meaningful access to the courts." *Id*. (citations omitted).

It is unclear why Smalls needs (rather than wants) access to the law library at this time. The screening order outlined the legal framework for deliberate-indifference and excessive force claims, so Smalls knows what he must prove in order to prevail. During discovery, his focus should be on gathering evidence, such as incident reports, that will support his claims. He can do this by serving written questions (called interrogatories) and requests for documents. Discovery requests and responses should not include legal citations or argument, so access to the law library is unnecessary to prepare his own requests or to respond to Defendants' requests.

To the extent Smalls has questions about how his case will proceed, the Court again encourages him to review the litigation guide that was mailed along with the screening order. Finally, if the lockdown continues and Smalls continues to believe he needs access to the law library, he may ask the Court to extend the case deadlines. If he does so, he must explain why he believes he needs access to the law library. As a reminder, the Court is familiar with the law and does not require Smalls to explain the legal basis of his claim so much as to indicate which facts asserted by Defendants are in dispute. Smalls knows the facts of his case, and unlimited access to the law library will not assist him in identifying which facts are in dispute.

**IT IS THEREFORE ORDERED** that Smalls' motion for an order to use the law library (Dkt. No. 17) is **DENIED**.

Dated at Green Bay, Wisconsin this 3rd day of May, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge