UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
─────────────────────────────────────────────────────────────

LA'MAR BRYAN SMALLS,

        Plaintiff,

   v.                                                             Case No. 22-C-1530

KYLE TRITT, et al.,

        Defendants.
─────────────────────────────────────────────────────────────

## DECISION AND ORDER
─────────────────────────────────────────────────────────────

      Plaintiff La'Mar Bryan Smalls is representing himself in this 42 U.S.C. §1983 action. He is proceeding on straightforward Eighth Amendment claims based on allegations that Defendants used excessive force against him and that one Defendant was deliberately indifferent to his injuries. Discovery closed on August 21, 2023. Prior to discovery closing, Smalls served and received responses to several sets of interrogatories and requests for documents. Defendants moved for summary judgment on October 6, 2023. **Smalls' deadline to respond is December 6, 2023.** Smalls has opted to focus his efforts on tasks other than preparing his response materials. Specifically, since Defendants filed their motion, Smalls has filed seven motions. On November 27, 2023, he filed a twenty-seven-page motion for leave to serve additional interrogatories despite discovery having been closed for three months. He also filed a motion to compel. The Court will deny both motions.

      The Court has repeatedly explained to Smalls that summary judgment rises or falls on whether there is a dispute of fact. Smalls has personal knowledge of the material facts of his case, so he should be able to identify which facts asserted by Defendants are in dispute and place them

before the Court in the form of an unsworn declaration under penalty of perjury. *See* 28 U.S.C. §1746. Smalls states that he would like to gather more information from witnesses, but Smalls has personal knowledge of what happened, so he does not need corroborating statements from witnesses to respond to Defendants' motion, as credibility is not at issue. Further, Smalls asserts that he was allowed to review the relevant video footage only once for an hour, but again, Smalls was himself present, so he has personal knowledge of what happened. And, in any event, Defendants filed videos totaling sixteen minutes, which means Smalls was able to review all videos at least three times. Smalls does not explain why additional viewings are necessary.[1] Finally, Smalls seeks information relating to the purpose and impact of OC spray, descriptions of the restraint chair, and DOC policies relevant to the use of OC spray and restraint chairs, but it is unclear why Smalls needs this information to respond to Defendants' motion. Again, Smalls has personal knowledge of how being sprayed with OC spray impacted him, and he can put this information before the Court in the form of an unsworn declaration. As the Court already explained to Smalls, the issue before the Court is whether Defendants violated the Eighth Amendment, not whether Defendants complied with DOC policies for the use of OC spray and restraint chairs. *See Estate of Simpson v. Gorbett*, 863 F.3d 740, 746 (7th Cir. 2017) (explaining that §1983 protects against constitutional violations, not violations of departmental regulations and practices (citations omitted)).

Smalls argues that he should be given wide latitude because he is *pro se*, but his *pro se* status does not entitle him to ignore deadlines, procedural rules, or court orders. Along with the

---

[1] Smalls is concerned that the videos he viewed are not the same videos Defendants filed in support of their summary judgment motion. Defendants are therefore directed to confirm to Smalls that the videos filed in support of their motion are the same videos produced in discovery. If they are not, Defendants are directed to contact institution officials to ensure Smalls is able to view the videos Defendants filed in support of their motion.

screening order, the Court provided Smalls with a litigation guide explaining how the case would proceed, and the scheduling order explained the discovery process and clearly set forth the deadlines for completing discovery and filing dispositive motions. *See* Dkt. Nos. 4, 9. The Court later provided more information about the discovery process and explained the process for responding to summary judgment. *See* Dkt. Nos. 18, 24, 43, 52. As the Court has repeatedly observed, Smalls' claims are straightforward, and summary judgment will largely turn on his retelling of what happened. Smalls had sufficient time to gather the information he needs to respond to Defendants' summary judgment motion. Now that that phase of the case is complete, he must turn his attention to responding Defendants' motion. His filings have been thorough and organized, demonstrating that he is capable (more so than most prisoners) of responding to Defendants' motion. The Court will not allow further delay.

**IT IS THEREFORE ORDERED** that Smalls' motion for additional interrogatories (Dkt. No. 58) and his motion for an order compelling discovery (Dkt. No. 59) are **DENIED**.

Signed at Green Bay, Wisconsin this 29th day of November, 2023.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge